The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064 Dear Representative Lamoureux:
I am writing in response to your request for my opinion on the following question:
 For purposes of Amendment 80 and section 4 of Amendment 29, is a May election of a judge considered to be a "general election"?
RESPONSE
In my opinion, the answer to this question is "yes."
Amendment 80 provides that judges "shall be elected on a nonpartisan basis by a majority of qualified electors voting for such office. . . ." Ark. Const. Amend. 80, §§ 17(A) and 18(A); see also A.C.A. § 7-10-102 (c) (1) (Supp. 2003) ("No person shall be elected to a nonpartisan judicial office without receiving a majority of the votes cast at the election for the office.") Subsection 7-10-102(b)(1) of the Code provides: "The general elections for nonpartisan judicial offices shall be held on the same dates and at the same times and places as provided by law for preferential primary elections." Subsection 7-7-203 provides:
 (a) The general primary election shall be held on the second Tuesday in June preceding the general election.
 (b) The preferential primary election shall be held on the Tuesday three (3) weeks prior to the general primary election.
The May election of a judge is consequently a "general election."
Your question focuses on the interplay between Amendment 80 and section 4 of Amendment 29, which deals with the term lengths of gubernatorial appointees to fill vacancies in elective office. Section 4 of Amendment 29 provides:
 The appointee shall serve during the entire unexpired term in the office in which the vacancy occurs if such office would in regular course be filled at the next General Election if no vacancy had occurred. If such office would not in regular course be filled at such next general election the vacancy shall be filled as follows: At the next General Election, if the vacancy occurs four months or more prior thereto, and at the second General Election after the vacancy occurs if the vacancy occurs less than four months before the next General Election after it occurs. The person so elected shall take office on the 1st day of January following his election.
With respect to judicial appointees, section 19 of Amendment 80 provides in pertinent part:
(A) Tenure of Present Justices and Judges.
 (1) Justices of the Supreme Court and Judges of the Court of Appeals in office at the time this amendment takes effect shall continue in office until the end of the terms for which they were elected or appointed.
 (2) All Circuit, Chancery, and Circuit-Chancery Judges in office at the time this Amendment takes effect shall continue in office as Circuit Judges until the end of the terms for which they were elected or appointed: provided further, the respective jurisdictional responsibilities for matters legal, equitable or juvenile in nature as presently exercised by such Judges shall continue until changed pursuant to law.
 (3) Municipal Court Judges in office at the time this Amendment takes effect shall continue in office through December 31, 2004; provided, if a vacancy occurs in an office of a Municipal Judge, that vacancy shall be filled for a term which shall end December 31, 2004.
Given that the legislature has declared that the general election for judicial officers shall occur in May, I believe that date must control in applying the provisions of Amendment 29. Accordingly, if a vacancy arises on the supreme court, the court of appeals or a circuit court at a time exceeding four months preceding the May preferential primary date, I believe Amendment 29 dictates that the appointee selected to fill that vacancy will serve until the December 31 following that preferential primary date. As noted above, the preferential primary date will also be the date of the judicial election to fill the vacancy. If a vacancy arises within four months before the May preferential primary date, the appointee will serve until the December 31 following the second future preferential primary date. In this situation, the second future preferential primary date will also be the date of the general judicial election to fill the vacancy. I should stress that pursuant to subsection (A)(3) of Amendment 80, any appointee currently serving as a municipal (now district) judge will serve until December 31, 2004. It follows that the general election for all district judge positions will occur in May 2004. Subsequently, if a vacancy occurs in a district judgeship, the length of an appointee's term will be as dictated by Amendment 29. See
A.C.A. § 16-17-32(c).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB/JHD:cyh